United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40969
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSICA YVONNE BARRERA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1907-1
-------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Jessica Yvonne Barrera appeals her guilty-plea conviction of transporting an undocumented alien by means of a motor vehicle for private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(B)(i). Barrera argues, inter alia, that the district court committed Sixth Amendment error under United States v. Booker, 125 S. Ct. 738 (2005), when it enhanced her sentence pursuant to U.S.S.G. § 2L1.1(b)(5) after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding that the offense created a substantial risk of death or serious bodily injury based on facts that she did not admit.

While information contained in the Presentence Report arguably supports the enhancement, Barrera did not admit facts that support the U.S.S.G. § 2L1.1(b)(5) enhancement. See United States v. Cuyler, 298 F.3d 387, 388 (5th Cir. 2002). The district court therefore committed Sixth Amendment error under Booker. See Booker, 123 S. Ct. at 756. Where, as here, a Booker error has been preserved in the district court, this court will ordinarily vacate the sentence and remand, unless the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure. See United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005). The Government has failed to demonstrate beyond a reasonable doubt that the Sixth Amendment Booker error did not affect the sentence that Barrera received. See id. at 284-85, 87.

Accordingly, Barrera's sentence is VACATED, and the case is REMANDED FOR RESENTENCING.